EPHRAIM E. FRANKEL *vs.* ALLIED MUTUALS LIABILITY
INSURANCE COMPANY & another.

DOROTHY A. DIDOFSKY *vs.* SAME.

Suffolk.    October 4, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Insurance*, Compulsory motor vehicle liability. *Motor Vehicle*, Operation.

A policy of compulsory motor vehicle liability insurance, issued in accordance with the provisions of G. L. (Ter. Ed.) c. 90, § 34A; c. 175, § 113A, contained a provision that "If the death, insolvency or bankruptcy of the Assured shall occur within the policy period, the policy during the unexpired portion of such period shall cover the legal representatives of the Assured." A brother of the owner, who had been given permission by the owner to operate the motor vehicle at any time he wished, continued to do so for two months after the owner's death, without any administration being taken out upon the owner's estate. One who sustained injuries due to his operation after the owner's death recovered a judgment against him, and in a bill in equity sought to enforce his judgment under G. L. (Ter. Ed.) c. 214, § 3 (10). The bill was dismissed. *Held*, that

(1) The permission given to the brother terminated on the death of the owner;

(2) No administration of the estate of the owner having been taken out, there was no operation with the express or implied consent of "legal representatives of the Assured" under the terms of the policy;

(3) The requirements of G. L. (Ter. Ed.) c. 90, § 34A, were not satisfied, and the bill properly was dismissed.

TWO BILLS IN EQUITY, filed in the Superior Court on March 24, 1933, and described in the opinion.

The suits were heard together by *Keating*, J. Material evidence is described in the opinion. Final decrees were entered dismissing the bills. The plaintiffs appealed.

*J. F. Cavanagh*, (*C. W. Norton* with him,) for the plaintiffs.

*D. H. Fulton*, for the defendants.

CROSBY, J. These are suits in equity brought under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply in satisfaction of final judgments money under insurance policies issued under the Massachusetts motor vehicle law. Judg-

ment in the first case was for $922.20, and in the second case for $471.97, both having been recovered against Frank T. Wells, the operator of an automobile insured in the defendant company. Executions issued and demands have been made upon the defendant, but the judgments have not been paid. They were recovered as a result of personal injuries sustained by the plaintiffs in a collision of automobiles.

The trial judge made the following summary of the evidence before him: Frank T. Wells, the operator of the automobile in question, was a brother of the owner, Walter J. Wells. It was registered in the name of the owner during the year 1931. He died on July 4, 1931. At some time before his death, he entered into an arrangement with his brother whereby the latter was given permission to use the automobile whenever he desired. Up to the time of the death of the owner the brothers lived together. Before the owner's death he was confined in a hospital for about three months, during which time the brother operated the automobile with his permission. After the death of the owner the brother continued to operate it without any change in registration. The accident out of which the original actions were brought occurred September 21, 1931, and about two months after the owner's death. No administration upon his estate has been taken out. In the first case the judge entered the following order for a decree: "As there is a provision in the policy that 'If the death, insolvency or bankruptcy of the Assured shall occur within the policy period, the policy during the unexpired portion of such period shall cover the legal representatives of the Assured,' and as no executor or administrator of the estate of Walter J. Wells, the assured, has been appointed, I rule that the complainant is not entitled to the relief prayed for in the bill of complaint, and I order that a decree be entered dismissing the bill." A similar order was entered in the second case. After a hearing for the entry of a final decree in each case, by agreement of parties the cases were reserved and reported to this court.

To entitle the operator of an automobile to have the indemnity covered by the policy it must appear that at the time and place of the accident he was driving the car "with

the express or implied consent of such owner." G. L. (Ter. Ed.) c. 90, § 34A, defines "Motor vehicle liability policy" as follows: "a policy of liability insurance which provides indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries, including death at any time resulting therefrom, or consequential damages . . . ." As the owner was not living when the accident occurred permission could not be given by him to operate the automobile at the time and place of the accident. The permission given by the owner in his lifetime came to an end upon his decease. After his death and at the time of the accident the insured would be "the legal representatives of the Assured," who would be his executors or administrators. The operator of the automobile in order to be entitled to indemnity must prove that he comes within the provisions of G. L. (Ter. Ed.) c. 90, § 34A, and was responsible for the operation of the insured's automobile with his express or implied consent. After the death of the insured the operator would have to show he was operating it with the express or implied consent of the person or persons then insured, who would be the legal representative or representatives of the insured, if there were any such to claim that right. It appears, however, from the record that there were no such representatives. The cases are covered by what was said by this court in *Hobbs* v. *Cunningham*, 273 Mass. 529, at page 533. It follows that the plaintiffs are not entitled to the relief which they seek.

In each case a final decree is to be entered dismissing the bill, with costs.

*Ordered accordingly.*