In the Matter of the Construction of the Will of HERBERT A. WISE, Deceased. BENNETT A. CERF, as Trustee under Said Will, et al., Appellants; SUE BAYER et al., Respondents.

First Department, December 12, 1963.

*Whitman Knapp* of counsel (*Henry Gale, Carl F. Rogge, Jr.,* and *Stephen Friedman* with him on the brief; *Root, Barrett, Cohen, Knapp & Smith,* attorneys), for Glen Boles, appellant.

*Horace S. Manges* of counsel (*John M. Lewis* and *Philip T. Temple* with him on the brief; *Weil, Gotshal & Manges,* attorneys), for Bennett A. Cerf and others, appellants.

*Ludwig Teller,* special guardian for Jonathan Cerf, infant, appellant.

*Sheldon Oliensis* of counsel (*Lawrence Newman* with him on the brief; *Kaye, Scholer, Fierman, Hayes & Handler,* attorneys), for Sue Bayer and others, respondents.

*David I. Silverman* of counsel (*Jaffa & Silverman,* attorneys), for *Lyman Stansky,* respondent.

WITMER, J. Certain beneficiaries under the will of Herbert A. Wise, deceased, appeal from the construction of said will made by the Surrogate. The issue is between two opposing groups of legatees with respect to the manner in which estate taxes are to be charged, i.e., whether they shall be paid from the entire estate before division thereof for distribution to beneficiaries, or be paid from the assets to be placed in Part B established by the executors under paragraph 3 of the will. The Surrogate held that the estate taxes are payable from Part B. We disagree.

The will was executed on May 3, 1957. Paragraphs 2, 3, and 13 thereof provide as follows:

" 2. I direct that all estate taxes on my adjusted gross estate, whether based upon property that passes by this, my Last Will and Testament, or based upon property of any other kind, shall be paid, or an amount which my Executors, in their discretion, shall deem sufficient to pay the same, shall be set aside for the payment of said taxes before the execution by them of the remaining provisions of my Will.

" 3. I direct that my Executors hereinafter named divide all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and nature, and wheresoever

situated, of which I may die seized or possessed, or in which I may have any interest, or over which I may have any power of appointment, into two (2) equal parts, to be known respectively as Part A and Part B. I direct my Executors to divide Part A into fifty (50) equal parts which I hereby give, devise and bequeath as hereinafter set forth.

\* \* \*

"13. I direct that all inheritance taxes payable by each of the legatees heretofore named shall be paid out of Part B, and I hereby direct my Executors to divide the remainder of Part B into three (3) equal parts."

In paragraphs 4 through 12 of his will the testator bequeathed to designated persons the 50 parts of Part A to be established by his executors under paragraph 3. In paragraphs 14 and 16 thereof the testator bequeathed in three parts Part B to be established by his executors under paragraph 3.

The Surrogate held (37 Misc 2d 403, 404) that paragraph 2 was "no more than \* \* \* the stereotyped testamentary direction to executors for the payment of taxes, debts and the expenses of administration", and constituted no direction against apportionment of taxes nor a direction as to the source of payment thereof. He further held that the testator used the term "inheritance taxes" in paragraph 13 to designate "estate taxes", and that accordingly all estate taxes are payable from Part B, in reduction of the shares to the three beneficiaries of Part B.

The argument that paragraph 2 refers to time of payment of estate taxes instead of the source of payment thereof, which is provided for in paragraph 13, is specious and misleading. It assumes the point at issue. Under paragraph 2 the entire estate is made the source of payment of the taxes before division of the estate for purposes of distribution. This is a perfectly feasible plan (cf. *Matter of Cromwell,* 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681).

With respect to the holding that paragraph 2 was inserted in the will in lieu of the age-old standard clause providing for the payment of a testator's debts and funeral expenses, it may be helpful to recall the derivation of such clause. It is an outgrowth of English history and ancient property rights. Prior to the year 1540 in England real property could not be devised by will, but descended by the law of primogeniture; and it was not subject to the payment of debts or funeral expenses. Also, for centuries prior thereto the personal property of a person dying intestate passed to the church, for disposition for the family and for charitable and religious purposes, and not until

the year 1285 could such property be reached by his creditors or the undertaker for the payment of his debts or funeral expenses. Hence, it became the practice for every honorable man to make a will and provide for the payment of his debts and funeral expenses, lest it be said of him, as it was of one that " he died stinking and intestate." Historically, it was the practice to have such clause precede all dispositive provisions. In former days there was no inheritance or estate tax and so no reference to such taxes was made in that clause. Of course, such a clause is no longer necessary because the law has long required the payment of debts and funeral expenses from the estate of the deceased regardless of testamentary provision therefor; but more often than not, the clause is still found in present-day wills.

As the Surrogate stated, such clause is a " stereotyped testamentary direction ", *but this will contains no such clause.* By the first paragraph the testator gave all furnishings, books, automobiles and other personal effects to a friend, to whom in paragraph 14 he gave two thirds of Part B. Then in paragraph 2 he directed payment by his executors of all estate taxes " upon property that passes by this " * * * (will) " or * * * upon property of any other kind ", before the execution by them of the remaining provisions of his will. No mention is made of debts or funeral expenses in this paragraph.

The inclusion in this paragraph of property dehors the will is a feature distinguishing this case from *Matter of Mills* (189 Misc 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012) so that paragraph 2 constitutes a clear provision against apportionment of estate taxes under section 124 of the Decedent Estate Law. (See *Matter of Cromwell, supra,* and cf. *Matter of Shubert,* 10 N Y 2d 461, 475.) Thus, in the absence of paragraph 13 of the will the estate taxes would be required to be paid out of the general estate before distribution to beneficiaries, and the means for determining the net shares of the beneficiaries under Part A and the net amount of Part B were clearly established. For such provisions of the will to be altered, either by increasing or decreasing them, by later provision of the will, the later provision must be clear and unequivocal. (*Matter of Warren,* 11 N Y 2d 463, 468; *Tillman* v. *Ogren,* 227 N. Y. 495, 505; *Matter of Johnston,* 277 App. Div. 239, 241.)

The provision in paragraph 13 " that all inheritance taxes payable by each of the legatees heretofore named ", would have had unequivocal meaning prior to the change of the law in 1930, when inheritance taxes were abolished and estate taxes were created in their stead in New York. But many other States in

the United States still have inheritance taxes. The difference between the two taxes was explained by LEHMAN, J., in *Matter of Vanderbilt* (281 N. Y. 297, 310–311) wherein he stated that the inheritance tax was a tax on the privilege of a survivor to receive property of the deceased, whereas the estate tax is a tax on the interest which ceased upon the deceased's death. The distinction is still important, particularly with respect to sizable estates which may have assets in other States of the Union. Since the term " inheritance taxes " had and has a special meaning, and particularly since the testator did not use it interchangeably with " estate taxes " upon his adjusted gross estate, but said " inheritance taxes *payable by each of the legatees* heretofore named " (emphasis added), we cannot assume and hold that he acted in ignorance and meant " estate taxes " in paragraph 13. Moreover, if the words " inheritance taxes " in paragraph 13 were interpreted to mean " estate taxes ", Part B would then become chargeable with the payment of estate taxes due on nontestamentary assets, despite the express direction by the testator in paragraph 2 that they be paid out of the general estate.

The effect of the interpretation made of this will by the Surrogate is to excise therefrom paragraph 2. That is " a desperate remedy " to which resort may not be had unless the latter provision (par. 13) is unequivocal and irreconcilable with the former (par. 2). (*Adams* v. *Massey,* 184 N. Y. 62, 69.) The interpretation which we make accords the usual and legal significance to the words used by the testator in both paragraphs 2 and 13 of the will, makes them compatible and rejects nothing. Such interpretation should be made whenever permissible. (*Matter of Buechner,* 226 N. Y. 440, 443; *Matter of Bluestein,* 277 App. Div. 385, 387, affd. 302 N. Y. 760; *Matter of Ward,* 63 N. Y. S. 2d 125, 132, affd. 271 App. Div. 1053.)

Although appellants offer to introduce evidence to establish that inheritance taxes were not meant by the testator to mean " estate taxes ", we deem the receipt of such evidence in this case to be inappropriate.

The decree of the Surrogate should be modified to provide that the estate taxes shall be paid as provided in paragraph 2 of the will and that any inheritance taxes payable by any legatee shall be paid as provided in paragraph 13 thereof, and as modified, said decree should be affirmed, with costs to all parties filing briefs, payable out of the estate.

McNALLY and STEVENS, JJ., concur with WITMER, J.; RABIN, J. P., and VALENTE, J., dissent and vote to affirm on the opinion of Cox, S.

Decree modified to provide that the estate taxes shall be paid as provided in paragraph 2 of the will and that any inheritance taxes payable by any legatee shall be paid as provided in paragraph 13 thereof, and as so modified, the decree is affirmed, with costs to all parties filing briefs, payable out of the estate. Settle order on notice.