In the Matter of the **ESTATE** of **John A. WADDINGTON**, Deceased.

John R. **SINCLAIR**, Executor of the Estate of John A. Waddington, Deceased, Appellee,

v.

**IOWA DEPARTMENT OF REVENUE**, Appellant.

No. 55061.

Supreme Court of Iowa.

Sept. 19, 1972.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., John A. Pabst and Harry M. Griger, Asst. Attys. Gen., for appellant.

Thomas C. Teas, Mason City, for appellee.

REYNOLDSON, Justice.

This appeal presents the single question whether deductions for the purpose of computing inheritance tax on a domestic estate are limited to those specifically enumerated in § 450.12(1), The Code.

This decedent, who died in 1934, left a will creating a life estate in real property. Upon termination of the life estate, the property was to be sold and the proceeds distributed to certain beneficiaries described as "remaindermen." In the estate proceedings, tax on the "remainder" interest was deferred. Section 450.46, The Code.

When the life tenant died, on March 25, 1970, the deferred interest was reported to the department as real estate. July 8, 1970, the real estate, comprised of two farm land tracts, was appraised at $102,000, to which no objections were taken within the statutory 20-day period. See § 450.31, The Code. Thereafter executor filed an amendment reporting the interest to be personal property, and filed a final inheritance tax return which assigned the gross value of the property its $94,000 sale price and claimed deductions for advertising and abstract costs and 1970 real estate taxes due in 1971. These expenses were incurred in sale of the real estate pursuant to court order implementing the distribution required by the will.

After the department denied the reduced valuation and the above deductions, executor filed this "Petition for Determination of Inheritance Tax." Trial court held the appraised value of the real estate, not its sale price, furnished proper basis for computing the tax. Executor does not appeal from that determination. However, trial court allowed the taxes and sale expenses as proper deductions. From this part of the decision, involving only $146.18 in tax, the department sought and obtained from trial court the necessary certification to appeal. Rule 333, Rules of Civil Procedure. The small amount involved may account for appellee's unfortunate failure to assist this court with a brief and argument.

I. Reference to pertinent provisions of the inheritance tax chapter is unavoidable. Two code sections are particularly relevant:

"450.37 *Market value.* The appraised value of the property shall in all cases be its market value in the ordinary course of trade, and in domestic estates the tax shall be calculated thereon after deducting the *debts as defined herein.*" (Emphasis added.)

and,

"450.12 *Deduction of debts.* There shall be deducted from the *gross value of the estate as fixed by the inheritance tax appraisers* appointed under the provisions of this chapter, or as fixed by the court, the *debts defined as follows:*

1. From the estate of such decedent who at the time of his death was domiciled within this state, there shall be deducted the debts owing by the decedent at the time of his death, the local and state taxes due from the estate in January of the year of his death, and federal taxes owing by the decedent or paid from the estate on Iowa property, a reasonable sum for funeral expenses, temporary allowance for the widow and children under fifteen years of age as granted by the probate court or judge thereof, court costs, the costs of appraisement made for the purpose of assessing the inheritance tax, the fee of executors, administrators, or trustees as allowed by order of court, the amount paid by the executor or administrator for a bond, the attorney fee in a reasonable amount to be approved by the court for the probate proceedings in said estate, *and no other sum; * * *.*" (Emphasis added.)

■■ The plain language of the above quoted statutes leads inexorably to the conclusion only "debts" as defined in chapter 450 are deductions for inheritance tax computation. The words "and no other sum" virtually express the rule ordinarily only implied—*expressio unius est exclusio alterius* (the express mention of one thing im-

plies the exclusion of others.) See North Iowa Steel Co. v. Staley, 253 Iowa 355, 112 N.W.2d 364 (1961); State v. Flack, 251 Iowa 529, 101 N.W.2d 535 (1960). In our approach to these statutes we are cognizant of the rule in tax cases that in event of ambiguity, acts allowing exemptions and deductions are to be strictly construed against the claimant of the deduction and in favor of the taxing authority. Goergen v. State Tax Commission, 165 N.W.2d 782 (Iowa 1969); Chicago, Burlington & Quincy R. Co. v. Iowa State Tax Commission, 259 Iowa 178, 142 N.W.2d 407 (1966).

■ The deductions allowed by trial court are not within the scope of "debts" defined in § 450.12, The Code. Taxes for 1970, payable in 1971, were neither a debt owed by decedent at his death (in 1934) nor were they due from the estate in January of that year. While such taxes, together with the expenses of sale, might well be proper deductions in executor's final accounting to beneficiaries as expenses of administration, these expenses are not necessarily "court costs" as that term is used in § 450.12(1). In City of Ottumwa v. Taylor, 251 Iowa 618, 622, 102 N.W.2d 376, 378 (1960) we said,

" 'Costs' has a well defined legal meaning although frequently stated in somewhat different language. It includes the sums ordinarily taxable for expense incurred in an action as provided by statute."

The type of expense sought to be deducted in the tax computation here is clearly within the scope of "costs of administration" as that term is defined in the probate code, § 633.3(8). But the same term, statutorily defined, also includes, as a separate item, "court costs." In an insolvent estate, the probate code classification establishing payment priority assigns "court costs" a higher priority than "other costs of administration." Section 633.425, The Code.

■ Clearly, "court costs" as that term is found in § 450.12(1) means only those statutory fees and expenses relating directly to the probate proceeding, carried on the clerk's docket, and paid routinely in the process of closing every estate. Our interpretive function cannot be extended to bring real estate sale expenses within the definition of "court costs." This conclusion is buttressed by the language in In re Sanford's Estate, 188 Iowa 833, 849, 175 N.W. 506, 512 (1919) where we observed, "It seems to us that our statute limits the deductions that may properly be made to the items referred to in section 1481a2 [now § 450.12(1)2], supra."

Trial court cited as the only authority relied on, 85 C.J.S. Taxation § 1185, p. 1038 and following, which states in part,

"Generally speaking, the expenses of administering a decedent's estate are to be deducted from the gross value of the estate in arriving at its clear or net value for inheritance tax purposes, especially where such deduction is expressly authorized by statute." (Footnotes omitted.)

An examination of cases cited to support this rule discloses no case from another jurisdiction in which the court was confronted with statutory provisions similar to the Iowa statutes above set out. Generally, the cases relied on to support the quoted rule either involve situations where allowable deductions are not statutorily itemized or where by statute "expenses of administration" (not merely "court costs") are permitted deductions. Illustrative of the first category of cases is In re McKinney's Estate, 351 Mo. 718, 173 S.W.2d 898 (1943); for cases in the latter group see People v. Cooke, 150 Colo. 52, 370 P.2d 896 (1962), and In re Proudfit's Estate, 118 Utah 98, 219 P.2d 1076 (1950).

II. We observe parenthetically that absent the specific formula dictated by § 450.-37 and § 450.12(1), other code provisions would permit us to support the reasonable and equitable trial court decision. Thus, § 450.3 provides in part, "The tax hereby imposed shall be collected upon *the net market value* * * *." (Emphasis added.)

Section 450.9 also makes reference to "net estate":

> "*450.9 Individual exemptions.* In computing the tax on the *net estate passing* to the surviving spouse, heirs or beneficiaries of the deceased the following credits or exemptions shall be allowed: * * *." (Emphasis added.)

These code provisions are at least superficially in conflict with §§ 450.37 and 450.-12(1) and the language does not support the long-standing proposition that our inheritance tax is not a tax on the estate or upon the property itself, but rather a tax on the right of succession. In re Jackman's Estate, 255 Iowa 410, 122 N.W.2d 910 (1963); Tavener v. Tax Commission of Iowa, 231 Iowa 162, 300 N.W. 653 (1941).

One authority has concluded:

> "The system of deductions, exemptions, and credits for state inheritance and estate taxation may be best described as illogical, inconsistent, vague, and unnecessarily complicated."

—Neuhoff, "Deductions, Exemptions, and Credits in State Inheritance and Estate Taxation," 26 Iowa L.Rev. 593 (1941).

The relevant federal statute, expanded by appropriate regulations, specifically permits deduction of expenses of selling property if sale is necessary in order to pay debts, to preserve the estate, or to effect distribution. Int.Rev.Code of 1954, § 2053; Treas.Reg. § 20.2053–3(d) (1965). Many states, as noted above, have reached the same result by permissive statutes or court interpretation in the absence of restrictive code provisions. It seems inequitable these beneficiaries should pay tax on more value than they received. But the remedy lies in enlightened legislative tax law changes, not in judicial interpretation of statutes which permit only one construction.

Confronted with §§ 450.37 and 450.12(1), we must hold trial court erred in determining the claimed expenses and taxes were deductible for inheritance tax purposes. The case is therefore

Reversed.

All Justices concur.