■ In the Matter of the Accounting of MARIA J. MARRACINO et al., as Executors of CRUCIFISA FERRARO, Deceased. MARIA J. MARRACINO, as Surviving Executor, Appellant; JOSEPH FERRARO, Respondent.— Decree unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Decree modified by striking out the First, Fifth, Seventh and Eighth paragraphs, by substituting therefor provisions dismissing the first and fifth objections to the account, and by adding to the Fourth paragraph a provision that the objectant shall pay the charges against the property thereby directed to be conveyed to him, as set forth in the final and supplemental accounts. When the executors sold the real property in the City of Buffalo to meet estate obligations, the proceeds from the sale not needed for such obligations remained subject to the specific demises and were not available either for payment of the general legacy of $3,000 or for distribution under the residuary clause of the will (3 Warren's Heaton on Surrogates' Courts [6th ed.], § 261, par. 10, cl. [j]; EPTL 13-1.3, subd. [c]; *Wyman* v. *Wyman*, 26 N. Y.

253). The Surrogate erred in directing such payment and distribution and in surcharging the executors for making a distribution of some of the sale proceeds to the devisees. The court properly directed the fiduciaries to convey to objectant the realty devised to him under subdivision (h) of pargraph third of the will, but there must be added to such direction a requirement that objectant pay to the executors the charges against that property set forth in the original and supplemental accounts. The award of $1,000 counsel fees to objectant's attorney from the assets of the estate cannot be allowed since the services he rendered did not benefit the estate (see *Matter of Heilbronner*, 39 Misc 2d 912, and cases cited therein). (Appeal from part of decree of Erie County Surrogate judicially settling accounts.) Present — Goldman, P. J., Del Vecchio, Witmer and Henry, JJ.