In the Matter of the Estate of SAMUEL MARON, Deceased. MAURICE ALDERMAN, as Executor of IDA A. MARON, Deceased, Appellant; FLORENCE ZIERLER, as Administratrix C. T. A. of the Estate of SAMUEL MARON, Deceased, Respondent.

Fourth Department, October 31, 1975

*Alderman, Alderman, Samuels & Schepp (Bernard Samuels of counsel),* for appellant.

*Melvin M. Slotnick* for respondent.

WITMER, J. This appeal presents the question whether real property specifically devised must bear a pro rata share of all of the administration and funeral expenses, debts and estate taxes. In reliance upon EPTL 13-1.3 (subd [b]) appellant contends that such realty is chargeable therewith. That subdivision provides that "In applying such property [i.e., estate assets] to the payment of any item specified in paragraph (a) [to wit, administration expenses, debts and taxes], no distinction shall be made between real and personal property".

The testator bequeathed all of his personal property to his wife, Ida Alderman Maron. He devised his real property at 140 Oakwood Avenue, Syracuse, New York, to his wife for life and upon her death to his daughter, Florence Zierler. Testator's wife died about one month after he did. The executor of her will brings this proceeding against testator's daughter, Florence Zierler as administratrix *c. t. a.* of testator's will. The provisions of the widow's will are not disclosed in this record, but it appears that the consequence of the widow's dying so soon after the testator is that persons who now share in testator's personal property have no interest in the real property, the remainder interest in which has vested in his daughter Florence Zierler.

The Surrogate ruled that the administration and funeral expenses and debts of testator's estate must be paid from the personal assets therein, "to the extent available, before any part may be charged to the specific disposition of the real property".

Historically, in England only after the year 1285 did a decedent's personal property become subject to the reach of his creditors *(Matter of Wise,* 20 AD2d 55, 57-58, affd 15 NY2d 591). In 1947 the New York Legislature enacted section 47-d of the Decedent Estate Law, providing that when a testator's personal property was insufficient to pay his general bequests, a proceeding might be brought to apply his real estate, which had not been specifically devised, for the payment of such bequests. EPTL 13-1.3 revised and refined our laws with respect to the application of assets to the payment

of administration expenses, debts and general bequests, and SCPA article 19 (see 1908) is supplementary thereto.

EPTL 13-1.3 (subd [a], par [1]) provides that all of testator's assets shall be subject to the payment of administration and funeral expenses and debts of the decedent and any taxes for which the estate is liable. Paragraph (2) of subdivision (a) of the section provides that except with respect to assets which the testator has specifically devised or bequeathed, all of his property shall be equally available for payment of general bequests. Subdivision (c) of that section provides that whenever testator's assets are insufficient to pay all of his debts and general bequests, a stated order of abatement of dispositions shall prevail. Paragraph (4) of subdivision (c) places personal property and real property specifically bequeathed or devised on an equal basis and also provides that general bequests shall abate before specific dispositions. The consequence of such provisions is that a particular disposition shall not be spared from abatement because it is personalty or realty but because of the nature of the disposition. If there are sufficient assets in the estate to pay all "estate obligations" (i.e., administration and funeral expenses, debts, estate taxes *and* general dispositions [EPTL 13-1.3, subd (a), pars (1) and (2)]) without invading property specifically devised or bequeathed, such general assets must be used to pay those obligations; but if the estate assets exclusive of the property specifically devised or bequeathed are insufficient to pay the administration and funeral expenses, and debts and estate taxes, the specific dispositions are subject to abatement to pay them.

That was the determination of the Surrogate, who expressly stated that he was making no distinction between real and personal property in arriving at his decision. What he did was to make a distinction between property specifically disposed of and property not so devised or bequeathed; and that is in accordance with the scheme of the statute.

That is the sensible construction of the statute, as text writers and commentators on the subject agree (see Practice Commentary by Samuel Hoffman, Chairman of Drafting Committee of the Commission on Estates, McKinney's Cons Laws of NY, Book 17B, EPTL 13-1.3; 3 Warren's Heaton, Surrogates' Courts [6th ed], § 257, ¶ 10, p 46–19; Boardman's Estate Management and Accounting [2d ed], § 186, pp 688.1–688.2; 2 Harris, New York Estates Practice Guide [3d ed], § 526, pp

246–249; and Miller, A Practical Guide to the Administration of New York Estate, P.L.I. Handbook Series, § 9.4, p 165), and it has been so construed *(Matter of Marracino,* 40 AD2d 1071).

Construction of the statute as appellant requests would introduce into estate administration unnecessary uncertainty, expense and litigation, and the danger of subversion of testator's intentions. Although a testator could protect his wishes by express provision in his will (see EPTL 13–1.3, subd [d]), the law should be interpreted, where possible, to achieve what is the normal expectation of men, in this case of testators generally, in the absence of such thoughtful testamentary provision. It may be that the real property in question was the family residence which the testator wished his wife to have for life with the remainder to his daughter. Appellant would have it charged, pro rata, with the payment of the estate administration expenses, debts and taxes even though there are sufficient other assets in the estate to pay them. This would very likely require a special appraisal and, possibly, litigation to ascertain the amount to be charged against the realty in all such cases; and if the devisee should lack funds to pay such charge, the property would be sold to effect the administration of the estate, thus defeating the testator's intention. In the absence of clear indication in the statute that such result was intended, it would be unwise to construe the statute in such manner.

For the foregoing reasons, therefore, the order should be affirmed.

MARSH, P. J., MOULE, CARDAMONE and DEL VECCHIO, JJ., concur.

Order unanimously affirmed with costs to each party filing a brief, payable out of the estate.