Michael Dean **SANDERSON, As Personal Representative of the Estate of Dianna Lynn Sanderson, Appellant,**

v.

The **ESTATE OF Joseph C. KISNER, Appellee,**

and

**Korey James Kisner, Defendant.**

No. 90–1531.

Supreme Court of Iowa.

Nov. 20, 1991.

As Amended on Denial of Rehearing Dec. 19, 1991.

Kirke C. Quinn of Courter, Quinn, Doran & Anderson, Boone, for appellant.

Richard H. Gross of Casey, Doll & Gross, Osage, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

ANDREASEN, Justice.

The question before us is whether the negligence of a motor vehicle driver is imputed to the owner's estate when the owner died five days before the collision. The district court granted the estate's motion for summary judgment. We affirm.

I. *Background Facts and Proceedings.*

Joseph C. Kisner owned a motor vehicle at the time of his death on March 8, 1989. Prior to the owner's death, the vehicle was used by the owner's son, Korey James Kisner, with his father's consent. Following his father's death, Korey continued to use the vehicle. On March 13, 1989, Korey was involved in a collision with a vehicle operated by Dianna Lynn Sanderson. Sanderson died as a result of the collision.

Craig Kisner was appointed administrator of the estate of Joseph C. Kisner on March 27, 1989. Joseph C. Kisner died intestate, leaving seven children as his heirs, including Korey. He left no surviving spouse.

The personal representative of the estate of Sanderson brought a wrongful death

action against Korey and the Kisner estate. The petition alleged Korey was negligent in the operation of the vehicle owned by Joseph C. Kisner and that Korey's negligence is imputed to the owner pursuant to section 321.493 of the Iowa Code (1989).

The estate filed a motion for summary judgment. The motion was resisted. After concluding the decedent was not the owner at the time of the accident and that the decedent's death had terminated his consent to use the vehicle, the district court granted summary judgment to the estate. We granted Sanderson's application for interlocutory appeal. Iowa R.App. P. 2.

## II. *Scope of Review.*

Our task on review of summary judgment is to determine whether any issues of material fact exist that would render summary judgment inappropriate and, if not, whether the district court correctly applied the law to the undisputed facts. *Moritz v. Maack,* 437 N.W.2d 898, 899–90 (Iowa 1989).

## III. *Statutory Provisions.*

■ The owners' responsibility statute provides in part:

In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

Iowa Code § 321.493.

Under the provisions of our title certificate statute:

No person shall acquire any right, title, claim or interest in or to any vehicle ... from the owner thereof except by virtue of a certificate of title issued or signed to the person ... except in case of:

....

*d.* Except for the purposes of section 321.493. Except in the above enumerated cases, no court in any case at law or equity shall recognize the right, title, claim or interest of any person in or to

any vehicle ... unless evidenced by a certificate of title....

Iowa Code § 321.45(2).

Our probate statute provides in part:

Except as otherwise provided in this Code, when a person dies, the title to the person's property, real and personal, passes ... to the persons who succeed to the estate ... but all of the property shall be subject to the possession of the personal representative ... and to the control of the court for the purposes of administration, sale, or other disposition....

Iowa Code § 633.350. Under this statute, title to property passes when a person dies.

If there is no surviving spouse, the property of a person dying intestate descends and is distributed in equal shares to the decedent's children. Iowa Code § 633.219. Every personal representative shall take possession of all the personal property of a decedent, except the property exempt to the surviving spouse. Iowa Code § 633.-351.

## IV. *Owner of the Vehicle.*

Sanderson argues Joseph C. Kisner was the owner of the vehicle because he was the person named as owner on the vehicle certificate of title. An owner is defined as a person who holds the legal title of a vehicle. Iowa Code § 321.1(36). Relying upon section 321.45(2), Sanderson urges the court should not recognize title in any person who is not named as an owner in the certificate of title.

We have recognized that ownership of a vehicle as shown on the certificate of title raises an inference of ownership, but it is at best a rebuttable presumption. *Hartman v. Norman,* 253 Iowa 694, 704, 112 N.W.2d 374, 380 (1962). The pertinent section of the owner's responsibility law is specifically outside the scope of the Motor Vehicle Certificate of Title Act. *Id. See* Iowa Code § 321.45(2)(d).

Iowa Code section 321.47 provides a procedure for transfer of ownership of a motor vehicle from a decedent to persons entitled to ownership under the laws of descent and distribution. However, there is no

claim that such a transfer occurred. The evidence is undisputed that the certificate of title on the involved vehicle showed Joseph C. Kisner as owner. Therefore, Sanderson urges legal title was in Joseph C. Kisner at the time of the collision.

The district court concluded legal title to the vehicle had automatically passed to Kisner's heirs-at-law upon his death on March 8, 1989. The court relied upon *In re Estate of Bliven*, 236 N.W.2d 366 (Iowa 1975), in reaching its conclusion. In *Bliven*, we recognized an heirs' interest in property acquired by intestate succession is assignable and transferable immediately on the decedent's death. In construing section 633.-350, we held that upon the death of the decedent, the decedent's property, real and personal, automatically passed to and title immediately vested in the decedent's heirs-at-law, subject only to sale, administration and attendant costs provided by law. 236 N.W.2d at 370.

Sanderson argues the immediate transfer of legal title of a vehicle to heirs upon death of the decedent should not apply because section 633.350 is qualified by its introductory language, "[e]xcept as otherwise provided in this Code." Sanderson argues the motor vehicle certificate of title provisions of the Iowa Code are thereby excluded. We do not agree.

Chapter 633 of the Iowa Code is known as the "Iowa Probate Code." Iowa Code § 633.1. Throughout chapter 633, reference is made to the Iowa Probate Code as *this* Code. *E.g.* Iowa Code § 633.2(1) (this Code shall take effect ... (2) no act done in any proceeding commenced before this Code takes effect); Iowa Code § 633.3 (when used in this Code); Iowa Code § 633.4 (when used in this Code); Iowa Code § 633.34 (all actions in probate shall be governed by the rules of civil procedure, except as provided otherwise in this Code);

Iowa Code § 633.38 (except as otherwise provided in this Code). Furthermore, section 633.350 uses the terms "this Code" in three separate places. Thus, it is clear the use of the words "this Code" in chapter 633 is intended to limit its reference to the Iowa Probate Code.

Our statutory provisions relating to the title of decedent's property are similar to those of California. In *Fountain v. Bank of America National Trust & Savings Association*, 109 Cal.App.2d 90, 240 P.2d 414 (1952), the court was required to determine if title to a motor vehicle passed upon the death of the owner. Suit was brought against the bank as executor and also against it in its individual capacity following a motor vehicle collision. The collision occurred approximately three months after the testator's death and after the bank had been appointed executor. For the purposes of the ownership liability statute, the court held title to the vehicle passed upon death to the persons entitled thereto. *Id.* 109 Cal.App.2d at 94–97, 240 P.2d at 418–19. The executor was held not to be the owner of the vehicle under the ownership liability statute although it was undisputed that, at the time of the accident, title was in the name of the decedent. *Id.* Although the executor had rights of possession, its possession was not that of an owner. *Id.* We find the California court's reasoning to be persuasive.

We agree with the district court that ownership and title to the Kisner vehicle passed to and vested in his heirs-at-law immediately upon his death on March 8, 1989. Because Joseph C. Kisner was not the motor vehicle owner on March 13, 1989, no liability can be imposed under the provisions of Iowa Code section 321.493.[1]

## V. *Consent of Owner.*

■ We also agree with the court in its conclusion that death terminated consent to

---

1. Automobile liability insurance policies often provide extended coverage in the event of death of the policyholder. *See* Annotation, *Automobile Insurance: Coverage as Extending Beyond Death of Named Insured*, 30 A.L.R.3d 1047 (1970). In such event, the policy may cover the surviving spouse, the legal representative of the deceased person while acting within the scope of their duties as representative, and any person having proper custody of the insured's car until a legal representative is appointed. Joseph C. Kisner's policy had similar provisions. However, there was a purported driver restriction endorsement on that policy specifically denying insurance coverage for any accident or claim when the vehicle was being operated by Korey Kisner.

use the vehicle. In *Moritz,* 437 N.W.2d at 898, we reviewed the weak inference of consent that accompanies the admission of ownership. We affirmed a summary judgment where uncontradicted evidence established the owner had not consented to the operation of the vehicle. 437 N.W.2d at 903. "[N]or would an owner be liable who is incapable of consenting to the use of his auto by another." *Lind v. Eddy,* 232 Iowa 1328, 1334, 6 N.W.2d 427, 430 (1942). It is obvious that a deceased owner cannot consent to the use of an automobile and that any prior consent given by the owner would terminate upon death. This same conclusion was reached in *Frankel v. Allied Mutual Liability Insurance,* 288 Mass. 218, 219–20, 192 N.E. 517, 518 (1934). In *Frankel,* title to the vehicle was in the name of the deceased at the time of the accident and the operator had consent to operate the vehicle prior to the death of the owner.

As the owner was not living when the accident occurred, permission could not be given by him to operate the automobile at the time and place of the accident. The permission given by the owner in his lifetime came to an end upon his decease.

*Id.*

Accordingly, the district court's summary judgment resulting in the dismissal of the suit against the Kisner estate is affirmed.

AFFIRMED.

HARRIS, J., dissents.