JAMES ENTERPRISES, INC. d/b/a Cyclone Truck Stop, Clyde's of Ames, Inc. d/b/a Wallaby's, Ye Olde, L.L.C. d/b/a Dublin Bay, De Paula, Inc. d/b/a Café Beaudelaire International Cuisine & Bar, Steve Soesbe d/b/a Tradewinds Café, Rozeboom Foods, Inc. d/b/a Whiskey River, and Tom Zmolek d/b/a Peoples Bar & Grille, Appellants,

v.

CITY OF AMES, Iowa, Appellee.

Lovish Bederazack d/b/a Café Lovish, Intervenor–Appellant,

v.

City of Ames, Iowa, Appellee.

No. 02–0415.

Supreme Court of Iowa.

May 7, 2003.

Fred L. Dorr of Wasker, Dorr, Wimmer & Marcouiller, P.C., Des Moines, for appellants.

John R. Klaus, City Attorney, Ames, for appellee.

CARTER, Justice.

Plaintiffs and intervenor, who are the owners of food service establishments in the City of Ames, appeal from an adverse judgment in a claim seeking declaratory and injunctive relief that would preclude enforcement of a local ordinance banning smoking. It is the contention of the food service establishments that the ordinance in question contravenes controlling state law. The district court rejected that contention and upheld enforcement of the ordinance. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court.

Plaintiffs and intervenor are various owners and operators of business establishments in the city. Prior to the enactment of chapter 21A of the Municipal Code of the city, plaintiffs were able to accommodate both smokers and nonsmokers on their premises, where food and beverages were also served. Chapter 21A prohibits smoking in any public place, with a few exceptions, so that as a general rule smoking is prohibited in food service establishments between the hours of 6 a.m. and 8:30 p.m.

Plaintiffs filed a petition for declaratory judgment and a request for a temporary injunction in which the intervenor joined. A hearing was held on the request for the temporary injunction, which was denied. Thereafter, plaintiffs filed a motion for summary judgment, which was resisted by the city. After a hearing on the matter, the district court denied the motion for summary judgment, and based on the legal conclusions that were reached in ruling on that motion, the court upheld the city's contentions on the merits and dismissed the claims of plaintiff and intervenor. They have appealed.

## I. Scope of Review.

The scope of review of summary judgment rulings is for correction of errors at law. *Garofalo v. Lambda Chi Alpha Fraternity,* 616 N.W.2d 647, 650 (Iowa 2000). The court views the factual record in the light most favorable to the resisting party, affording the party all reasonable inferences. *Id.* at 649. Summary judgment is only proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). If the conflict in the record concerns only legal consequences of undisputed facts or whether a particular duty arises out of the parties' relationships, the matter is properly resolved on summary judgment. *Garofalo,* 616 N.W.2d at 650.

## II. Whether the District Court Erred in Finding Iowa Code Section 142B.2(2) Does Not Restrict the Extent to Which Municipal Ordinances May Prohibit Smoking in Public Places.

A. *Arguments.* Plaintiffs and intervenor contend the district court's failure to restrict the scope of municipal ordinances creates inherent inconsistencies. They further assert that such inconsistencies create a dilemma for those with custody or control of public places due to the conflict between rights granted under state law and local restrictions. The city argues the district court correctly found its ability to prohibit smoking is not restricted by a state statute. The city further argues such a position is consistent with home rule powers.

B. *Analysis.* Iowa Code chapter 142B.2 prohibits smoking in public places,[1] subject to certain exceptions:

1. A person shall not smoke in a public place or in a public meeting except in a designated smoking area. This prohibition does not apply in cases in which an entire room or hall is used for a private social function and seating arrangements are under the control of the sponsor of the function and not of the proprietor or person in charge of the place. . . .

2. Smoking areas may be designated by persons having custody or control of public places, except in places in which smoking is prohibited by the fire marshal *or by other law, ordinance, or regulation.*

3. Where smoking areas are designated, existing physical barriers and existing ventilation systems shall be used to minimize the toxic effect of smoke in adjacent nonsmoking areas. In the case of public places consisting of a single room, the provisions of this law shall be considered met if one side of the room is reserved and posted as a no-smoking

---

1. "Public place" is defined in Iowa Code section 142B.1(3) and includes "all restaurants with a seating capacity greater than fifty."

The parties agree that plaintiffs' establishments qualify as public places.

area. No public place other than a bar shall be designated as a smoking area in its entirety. If a bar has within its premises a nonsmoking area, this designation shall be posted on all entrances normally used by the public.

If the public place is subject to any state inspection process or under contract with the state, the person performing the inspection shall check for compliance with the posting requirement.

Iowa Code § 142B.2 (2001) (emphasis added). Violators of section 142B.2 are subject to a civil fine. Iowa Code § 142B.6. That section further provides:

Enforcement of this chapter shall be implemented in an equitable manner throughout the state. *For the purpose of equitable and uniform implementation, application, and enforcement of state and local laws and regulations, the provisions of this chapter shall supersede any local law or regulation which is inconsistent with or conflicts with the provisions of this chapter.*

Iowa Code § 142B.6 (emphasis added).

While the legislature has obviously spoken to some degree of specificity, the city argues that it had the authority under the home rule power to prohibit smoking in public places under local government jurisdiction. The Iowa Constitution is the source of the municipalities' home rule power:

Municipal corporations are granted home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government, except that they shall not have power to levy any tax unless expressly authorized by the general assembly.

Iowa Const. art. III, § 38A.

■ In interpreting cities' home rule power, the court has recognized that cities have "the authority to act unless a particular power has been denied them by statute." *Crippen v. City of Cedar Rapids,* 618 N.W.2d 562, 568 (Iowa 2000) (quoting *City of Des Moines v. Master Builders of Iowa,* 498 N.W.2d 702, 703–04 (Iowa 1993)).

The home rule scheme envisions the possibility that state and local governments will regulate the same areas:

A city may not set standards and requirements which are lower or less stringent than those imposed by state law, but may set standards and requirements which are higher or more stringent than those imposed by state law, *unless a state law provides otherwise.*

Iowa Code § 364.3(3) (emphasis added).

■ Notably, the grant of authority to local government to establish stricter standards by ordinance than those provided in state statutes dealing with the same subject is expressly curtailed if a state law provides otherwise. Clearly, the provision in the ordinance of the city that prohibits designated smoking areas conflicts with the provisions of section 142B.2, which allows such designation. We are convinced that the language of Iowa Code section 142B.6, which states "[f]or the purpose of equitable and uniform implementation, application, and enforcement of state and local laws and regulations, the provisions of this chapter shall supersede any local law or regulation which is inconsistent with or conflicts with the provisions of this chapter," supersedes the conflicting provisions of the city ordinance.

■ When provisions of different statutes relating to the same subject matter conflict, it is our responsibility to resolve the conflict using settled rules of interpretation. *In re Estate of Bliven,* 236 N.W.2d 366, 369 (Iowa 1975); *State v. Bartz,* 224 N.W.2d 632, 635 (Iowa 1974);

*Goergen v. State Tax Comm'n,* 165 N.W.2d 782, 785–86 (Iowa 1969); 2A Sutherland, *Statutory Construction* §§ 51.02–51.03 (Sands 4th ed.1973). We find that the language of section 142B.6 should curtail any grant of local authority that may be supplied by section 142B.2(2) for two reasons. First, that section comes later in the chapter and purports to govern everything in the chapter that comes before it. Second, it appears that section 142B.2(2) was enacted in 1987,[2] and section 142B.6 was enacted in 1990.[3] Iowa Code section 4.8 provides:

> If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment by the general assembly prevails. If provisions of the same Act are irreconcilable, the provision listed last in the Act prevails.

Because section 142B.6 is the later enactment, its provisions should govern over any conflicting language in section 142B.2.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for a grant of declaratory and injunctive relief precluding enforcement of those provisions of the local ordinance that are beyond the limitations of the city's authority established by this decision.

**REVERSED AND REMANDED.**

---

**2.** 1987 Iowa Acts ch. 219, § 2.

**3.** 1990 Iowa Acts ch. 1189, § 3.