IN RE ESTATE OF DAVID W. EVANS.

STATE TAX COMMISSION OF IOWA, appellee, v. ARLENE RITCHIE, executor, and GLENN O. NICHOLS, administrator cum testamento annexo of estate of DAVID W. EVANS, appellants.

No. 48662.

(Reported in 68 N.W.2d 289)

FEBRUARY 8, 1955.

REHEARING DENIED APRIL 8, 1955.

Glenn O. Nichols, of Sidney, for appellants.

Leo A. Hoegh, Attorney General, and Henry W. Wormley, Special Assistant Attorney General, of Des Moines, for appellee.

SMITH, J.—David W. Evans of Nemaha County, Nebraska, died testate owning property in Nebraska, Iowa, Missouri and Wyoming. His will was probated in Nebraska and ancillary proceedings instituted in Iowa. The facts are not in dispute. A proper certificate was filed showing the market value of the entire property, and the indebtedness of the estate in states other than Iowa, the Federal Estate and Income Tax liability, inheritance taxes paid in Nebraska, and various administration expenses and fees in the three states other than Iowa.

The controversy involves the interpretation of our inheritance tax statutes prescribing the method of computing the amount subject to Iowa inheritance taxes, specifically, the method of determining what deductions are allowable in arriving at the value of the taxable estate for that purpose.

The representatives of the estate (appellants) computed the ratio the value of the Iowa estate ($33,508) bears to the value of the entire estate ($569,403.29) to be .05884. They applied that percentage to the total liabilities outside Iowa ($207,613.12) reaching a result of $12,215.99, as the proportionate "liabilities deductible" in Iowa. They added this to the sum of the liabilities in Iowa ($2189.64) reaching a claimed "total liabilities deductible" in Iowa of $14,405.63. Deducting this from the value of the property of the estate in Iowa ($33,508) they arrive at $19,102.37 as the value of the taxable estate in Iowa.

The Tax Commission does not question these basic figures and the trial court adopts them except a $200 claim of Rawlins Construction Company, listed among appellants' figures constituting the "liabilities deductible" in Iowa. The trial court disallows this Rawlins claim pending final determination of its status. If finally admitted, allowed and paid, the court would then include it as a deductible item. Without that item the court allows the total amount deductible in Iowa $1989.64, instead of $2189.64, deducted by appellants.

However, the trial court refused to consider anything among the "total liabilities outside Iowa", except Federal Income Tax, "claims filed and paid", and Federal Estate Tax, these items totaling $143,907.76. Applying the ratio percentage above referred to, .05884, to this total the court reaches the result of $8467.53, instead of $12,215.99 the amount claimed by appellants as the proportionate "liabilities deductible" in Iowa.

This reduction is attained by excluding or disallowing all outside executor, administrator and attorney fees, court costs, tombstone cost, burial expense, state inheritance taxes, appraiser's fees and a fee for recording will in Missouri, and all medical, hospital and nursing expense of last illness.

The rate of inheritance tax is 10% as the Iowa property passes to two nieces of testator named in the residuary clause of his will. The final report showed a total Iowa inheritance tax paid in the sum of $1910.24. The trial court adjudges $394.84 still due, subject to adjustment to $374.84 if the Rawlins Construction claim of $200 is allowed and paid. The executor and ancillary administrator c. t. a. appeal.

I. Determination of the question involved depends finally on the definition of the word "debt" or "indebtedness" in Code sections 450.12(2) and 450.89, Iowa Code 1950 (now 1954) and whether the definition should be broadened to include expenses of administration as appellants claim. Section 450.12(2) provides, so far as material here: "From the estate of such decedent who at the time of his death is domiciled outside of this state, the state commission shall deduct *such debts and expenses* as are chargeable * * * under the laws of this state, provided that in the event that the executor * * * files with the clerk of the court having ancillary jurisdiction * * * a duly certified statement exhibiting the true market value of the *entire* estate * * *, and the *indebtedness* for which the said estate has been adjudged liable, * * * the beneficiaries * * * shall then be entitled to have deducted such proportion of the *said indebtedness* * * * from the value of the property as the value of the property within this state bears to the value of the entire estate." (Emphasis supplied.)

The reference at the beginning of the first sentence

preceding the word "provided" is to "debts *and expenses.*" We think that clearly means those debts filed and approved and expenses incurred in the Iowa ancillary proceedings. They are deductible in full, just as if the proceedings were original in a resident decedent's estate. That much is in effect a complete sentence.

The proviso following that sentence is really the commencement of a new sentence referring to "indebtedness for which the said estate has been adjudged liable". We think this refers to *indebtedness* of decedent allowing in the original administration proceedings, a proportion of which (represented by the agreed percentage of .05884) may be deductible in the ancillary administration, from the value of the ancillary estate.

In that provision, only "indebtedness" is considered, not "debts *and expenses*" as in the first sentence, which refers to the "expenses" of the ancillary administration. Appellants claim the right to deduct their proportion of the expenses of administration incurred in both the original proceedings and the ancillary proceedings in states other than Iowa.

The contention cannot be allowed. The term "debts" or "indebtedness" does not include "expenses of administration." No authority is cited us and we find none that would authorize such construction. The statute is clear, once we determine that the first reference is to *debts and expenses* in the Iowa ancillary administration and that the later reference is only to *indebtedness* allowed in proceedings outside Iowa.

II. All parties agree section 450.89, Code 1950 (1954) is "almost identical", or "for all intents and purposes including the issue at hand identical", with section 450.12(2). It indicates, somewhat more clearly than does section 450.12(2), a difference between the deductible allowance of items originating in Iowa and those arising in other states.

"Whenever any property belongs to a foreign estate, which estate in whole or in part passes to persons not exempt * * *, the said tax shall be assessed upon the market value of said property remaining after the payment of *such debts and expenses* as are chargeable to the property *under the laws of this state.*" (Emphasis supplied.) Thus far the clear reference (as

in the first sentence of section 450.12(2)) is to debts and expenses allowed in the Iowa proceedings.

Then follows language almost identical with the latter part of section 450.12(2), for permitting proportionate deduction of *indebtedness* (not "expenses") allowed in other state administration proceedings.

In each statute the intention is clearly to permit deduction in full of such debts *and expenses* as are established in the Iowa court. Each statute then requires the filing of "a duly certified *statement*" as to the value of the entire estate and of *"the indebtedness* for which the said estate has been adjudged liable" and such statement is to be "duly attested by the judge of the court having original jurisdiction" so the ratio may be established between the entire property and the Iowa property and such ratio applied to permit a proportionate share of the "indebtedness" outside Iowa to be deducted in computing the Iowa tax. There is no suggestion of allowing deduction of any part of the outside "expenses of administration."

Appellants think they detect some analogy between Federal taxes allowed and the expenses of administration incurred in proceedings in the state of original jurisdiction. They argue therefrom an inconsistency in allowing proportionate deduction of those taxes as debts, and refusing to allow a similar deduction for administration expenses as debts.

There is however a clear difference in principle. The value of the Iowa property contributes to the total value upon which Federal taxes are based. That is not true of expenses of administration in other jurisdictions. The Tax Commission recognizes this relationship. The Iowa property would be liable for its own Federal taxes if they were not reported and paid in the state of original jurisdiction. They would then be deductible before the Iowa inheritance tax could be computed. On the other hand, the Iowa property is not inherently liable for any expenses except those necessary to the administration in the Iowa jurisdiction. The Iowa personal representatives have no reason to complain of this distinction between "expenses" and Federal taxes and a rule that permits them to deduct their proportionate share of

those taxes though they never have to pay it. The truer analogy is between Federal taxes and debts for which the whole estate could be made liable under certain circumstances. As explained by the Commission in printed argument, the allowance is made in Iowa "of a pro rata part of the true indebtedness * * * even though such deduction is claimed in full as a deduction * * * in the resident state."

III. While we approve the basic rule denying the right of the appellants to deduct any part of the expenses of administration incurred outside Iowa, we think the trial court is mistaken in treating medical, hospital and nursing expenses of last illness as "expenses of administration." We think these are items of true indebtedness which should be taken into account and deducted pro rata with other debts in computing the Iowa tax. Certainly they would have constituted indebtedness had the patient lived. The fact that they may be treated as preferred debts under administration statutes in event of his death does not convert them into "administration *expenses.*"

We think the "order and ruling" of the trial court should be modified and the items of medical, hospital and nursing expenses added to the other indebtedness in computing the pro rata share allowed the Iowa ancillary administration as deductible before assessment of Iowa inheritance. As so modified the decision of the trial court is affirmed but the case is remanded for that purpose and also to permit inclusion of the Rawlins Construction Company claim if it be finally allowed and paid.— Modified, affirmed and remanded.

All JUSTICES concur.