MANSFIELD, Justice (dissenting).
I respectfully dissent. The terms "passing to" and "passes" in Iowa Code sections 450.9 and 450.10 (2009) are ambiguous. I would continue to follow the approach we took in In re Estate of Van Duzer , 369 N.W.2d 407 (Iowa 1985), and hold that property passes from the decedent to a beneficiary when it is transferred to that beneficiary pursuant to a good-faith settlement agreement resolving litigation over distribution of the decedent's assets. Therefore, I would affirm the decision of the court of appeals.
Federal estate tax law takes the same approach. See 26 C.F.R. § 20.2056(c)-2(d)(2) (2017) (indicating that the marital deduction is available following a will contest when property is assigned to a surviving spouse based on "a bona fide evaluation of the rights of the spouse"); Estate of Hubert v. Comm'r , 101 T.C. 314, 319-21 (1993) ("Although the regulations state that the settlement agreement will not necessarily be accepted as a bona fide evaluation of such rights, they do not require rejection of such settlement agreement. In this instance we think it is appropriate to recognize the amounts passing to Mrs. Hubert under the settlement agreement as passing from decedent, especially in the absence of any suggestion that the settlement agreement was entered into for post mortem tax planning purposes."), aff'd , 63 F.3d 1083 (11th Cir. 1995), aff'd , 520 U.S. 93, 117 S.Ct. 1124, 137 L.Ed.2d 235 (1997) ; Estate of Barrett v. Comm'r , 22 T.C. 606, 611 (1954) ("We find nothing in the statute or in logic that would deny similar treatment to a settlement payment made in advance of the contest where there is sufficient basis for a reasonable belief that only such payment would avoid a serious and substantial threat to the testamentary plan provided by the decedent.").
Notably, the relevant statutory language is similar in both contexts. In Iowa, inheritance tax is imposed (or not imposed) when property is "passing to" or "passes" to certain beneficiaries. Iowa Code §§ 450.9, .10(1)-(4). Under federal estate tax law, a marital deduction is allowed for any interest in property which "passes or has passed" from the decedent to his surviving spouse. See 26 U.S.C. § 2056(a) (2012). In both instances, the terminology is susceptible to more than one reasonable interpretation. See In re Estate of Lamoureux , 412 N.W.2d 628, 632 (Iowa 1987) (indicating that because the term "transfer"
*278 is used in both the federal estate tax and the Iowa inheritance tax, federal construction of the term "is applicable by analogy").
Significantly, our most recent case in this area, Van Duzer , gave effect to a settlement for inheritance tax purposes. There we held that an additional payment of $106,500 to a surviving spouse under a family settlement agreement was not subject to inheritance tax, because testamentary transfers to spouses were exempt. 369 N.W.2d at 409-10. We overlooked formalities and "recognize[d] the transaction to be that which it clearly was." Id . at 410.
It's true that in the earlier case of In re Estate of Bliven , 236 N.W.2d 366, 370-71 (Iowa 1975), we declined to give inheritance tax effect to a settlement. In that case, two charities had been essentially the sole beneficiaries of the decedent's will. Id . at 368. However, the decedent tore up her will before her death. Id. Subsequently, the charities brought a claim, contending the decedent had lacked the mental capacity to revoke her will. Id . The charities settled with the family on the basis that the charities would receive half the estate. Id . We held, regardless, that the amounts passing to the charities were not exempt from inheritance tax under the charitable exemption. Id . at 370-71.
Van Duzer and Bliven are impossible to reconcile, in my view. Either you allow good-faith settlements for tax purposes or you don't. Nonetheless, in Van Duzer , we said that Bliven and another, older case[3] were "clearly distinguishable." 369 N.W.2d at 410. The asserted distinction was that the claimants in the earlier cases-unlike the surviving spouse in Van Duzer -would not have inherited at all from the estate but for the settlement. Id . (noting that the claimants in the earlier cases were "persons not named in decedent's will or otherwise entitled to claim against the estate"). That distinction seems forced to me. The critical similarity in both Van Duzer and Bliven is that the transfers whose tax status was in dispute would not have occurred without the settlement agreement. To my mind, Van Duzer therefore controls when the cases are irreconcilable because it is the more recent precedent.
Of course, if one accepts the distinction in Van Duzer at face value, the taxpayer still wins here. Here, the settlement beneficiaries, i.e., the lineal descendants Donald Gardiner, Donnita Gardiner, and Dianne Gardiner Green, were persons who stood to inherit from the decedent. In fact, they received additional inheritances beside the family settlement agreement.
The Department of Revenue itself has struggled to reconcile Bliven and Van Duzer . In 1987, it wrote to a taxpayer accepting a settlement for the following reasons:
While the Department continues to rely on In Re Estate of Wells and In Re Estate of Bliven as authority for the tax treatment of out-of-court settlements, the Department recognizes that the Iowa Supreme Court's decision in Van Duzer does carve out an exception to the long-established rule enunciated in Wells and Bliven ....
....
While the legal theory used by the Court in Van Duzer is not readily apparent, it does appear that the Iowa Supreme Court is of the opinion that when a surviving spouse challenges the distribution to be made from an estate coupled with an election to take against the will, the settlement of the dispute is entitled to the spousal exemption and tax rates and status provided to surviving *279 spouses by statute. The facts in the instant case being for all practical purposes the same as in Van Duzer , the Committee finds that the estate is entitled to the spousal exemption for the full amount of the $152,000 received by the surviving spouse.
Estate of Leland E. Robertson, Inheritance Tax Assessment Docket No. 86-402-3-A (1987). I disagree with this effort to confine Van Duzer to its narrowest set of facts and don't think you can read Van Duzer as just a "spousal exemption" case.
Van Duzer is also more faithful to the legislature's likely intent. See Iowa Code § 4.6(1). I presume the legislature cared most about who was actually receiving the decedent's property-whether it was a close relative (exempt), a charity (exempt), or someone else (not exempt). In addition, allowing parties to settle litigation in good faith without forfeiting tax benefits is sound policy. See id . § 4.4(3). It doesn't make sense to incentivize heirs to litigate among themselves to the end and delay the closing of estates.[4]
Another issue is whether we need to give deference to the Department of Revenue's interpretation of the term "passes" as used in Iowa Code section 450.10. See Iowa Code § 17A.19(10)(c ), (l ) ; Renda v. Iowa Civil Rights Comm'n , 784 N.W.2d 8, 12-14 (Iowa 2010) ; see also Myria Holdings Inc. v. Iowa Dep't of Revenue , 892 N.W.2d 343, 347 (Iowa 2017) (declining to decide whether the Department of Revenue's interpretation of a different tax provision was entitled to judicial deference). I believe we do not need to do so because the agency's rule cites only Bliven and does not take into account or even mention Van Duzer . See Iowa Admin. Code r. 701-86.14(2). Van Duzer , as discussed, is the more recent case. In State v. Iowa District Court , we expressed skepticism about agency retroactive reinterpretations that conflict with prior judicial interpretations of statutes. See 902 N.W.2d 811, 819 & n.6 (Iowa 2017). While I do not know whether this particular rule came before or after Van Duzer , the plain fact is it doesn't attempt to address it.
The majority invokes the principle of legislative acquiescence in support of its position. See In re Estate of Vajgrt , 801 N.W.2d 570, 574 (Iowa 2011) ("The rule of stare decisis 'is especially applicable where the construction placed on a statute by previous decisions has been long acquiesced in by the legislature ....' " (quoting Iowa Dep't of Transp. v. Soward , 650 N.W.2d 569, 574 (Iowa 2002) ) ). But what did the legislature acquiesce in? Van Duzer is the more recent decision, it is thirty-three years old, and it is consistent with my views, not the majority's.[5]
I recognize there is some danger of postmortem fraud by taxpayers. That is, a beneficiary who is due to receive an inheritance and is subject to inheritance tax could cut a deal with a beneficiary who has exempt status. Under such a corrupt deal, the exempt beneficiary would bring a bogus claim challenging the testamentary *280 distribution, the parties would enter into a friendly settlement, the exempt beneficiary would receive the assets under the staged settlement, and the exempt beneficiary would then redirect most of them under the table to the nonexempt beneficiary. By this chain of events, inheritance tax could be avoided. Yet the danger of sham transactions exists anyway in many tax-related situations. It can be minimized here by requiring the taxpayer to affirmatively prove the good-faith attributes of the settlement.
Here, the taxpayer established that a litigation settlement was made, and that it was made in good faith and not for purposes of tax avoidance.[6] Accordingly, I would affirm the decision of the court of appeals.

In re Estate of Wells , 142 Iowa 255, 120 N.W. 713 (1909).

Other states appear to be divided on whether a good-faith settlement can affect inheritance tax treatment. "In some jurisdictions, a state inheritance tax properly may be based on the terms of a contested will even where the contest results in a compromise or settlement agreement which changes the estate's distribution, and in others, the transfer of the property or interest under the compromise or settlement agreement may be considered." 42 Am. Jur. 2d Inheritance, Estate, and Gift Taxes § 81, at 277 (2010) (footnotes omitted); see also R.D. Hursh, Annotation, Succession, Estate, or Inheritance Tax as Affected by Compromise of Will Contest , 36 A.L.R.2d 917, § 2[a] (1954).

The special concurrence acknowledges this point.

The taxpayer urged two positions in the alternative below. First, it insisted the settlement should be accepted by the Department of Revenue. Second, it maintained that the decedent Lester Gardiner Sr. lacked testamentary capacity, thus rendering the transfer on death invalid under the law. The Department rejected both arguments after conducting an evidentiary hearing. It found that the settlement had "no bearing on whether a taxable event occurred" and, further, the taxpayer did not "me[e]t her burden to prove by, clear, convincing, and satisfactory evidence that the Decedent was incompetent when he executed the [transfer on death]." I would reverse on the first ground. The unrebutted evidence demonstrates the good-faith character of the settlement, including the presence of an objective basis for believing that Lester Sr. was not competent when he executed the beneficiary designation form in 2003.
Ironically, the Department acknowledged at oral argument that allowing the taxpayer an opportunity to prove Lester Sr.'s lack of testamentary capacity in a Department hearing was inconsistent with the Department's own administrative position that only a prior judicial determination of lack of capacity would be accepted.